IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRESOR PARIS LIMITED,<br><br>     Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>     Defendants. | Case No.: 1:17-cv-7398<br><br>Judge Thomas M. Durkin<br><br>Magistrate Judge Young B. Kim |

**PRELIMINARY INJUNCTION ORDER**

THIS CAUSE being before the Court on TRESOR PARIS LIMITED's ("TPL") motion for a Preliminary Injunction, and this Court having heard the evidence before it hereby GRANTS Plaintiff's Motion for Entry of a Preliminary Injunction in its entirety against the defendants identified in Schedule A attached hereto (collectively, the "Defendants").

THIS COURT HEREBY FINDS that it has personal jurisdiction over the Defendants since the Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Internet Stores through which Illinois residents can purchase products bearing infringing and/or counterfeit versions of the TRESOR PARIS Trademarks, U.S. Trademark Registration Nos. 4,083,183; 4,570,707, 4,962,217 and 5,225,617.

1

THIS COURT FURTHER FINDS that injunctive relief previously granted in the Temporary Restraining Order ("TRO") should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of TPL's previously granted Motion for a Temporary Restraining Order establishes that TPL has a likelihood of success on the merits; that no remedy at law exists; and that TPL will suffer irreparable harm if the injunction is not granted.

Specifically, TPL has proved a *prima facie* case of trademark infringement because (1) the TRESOR PARIS Trademarks is a distinctive mark and registered with the U.S. Patent and Trademark Office on the Principal Register, (2) Defendants are not licensed or authorized to use any of the TRESOR PARIS Trademarks, and (3) Defendants' use of the TRESOR PARIS Trademarks are causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with TPL. Furthermore, Defendants' continued and unauthorized use of the TRESOR PARIS Trademarks irreparably harms TPL through diminished goodwill and brand confidence, damage to TPL's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, TPL has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily enjoined and restrained from:

a. using TPL's TRESOR PARIS or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine TRESOR PARIS product or not authorized by TPL to be sold in connection with TPL's TRESOR PARIS Trademarks;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine TRESOR PARIS product or any other product produced by TPL, that is not TPL's or not produced under the authorization, control or supervision of TPL and approved by TPL for sale under TPL's TRESOR PARIS Trademarks;

c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of TPL, or are sponsored by, approved by, or otherwise connected with TPL;

d. further infringing TPL's TRESOR PARIS Trademarks and damaging TPL's goodwill;

e. otherwise competing unfairly with TPL in any manner;

f. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for TPL, nor authorized by TPL to be sold or offered for sale, and which bear any of

3

        TPL's TRESOR PARIS Trademarks or any reproductions, counterfeit copies or colorable imitations thereof;

    g. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, the Defendant Domain Names, or any other domain name or online marketplace account that is being used to sell or is the means by which Defendants could continue to sell Counterfeit TRESOR PARIS Products; and

    h. operating and/or hosting websites at the Defendant Domain Names and any other domain names registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing TPL's TRESOR PARIS Trademarks or any reproductions, counterfeit copies or colorable imitations thereof that is not a genuine TRESOR PARIS product or not authorized by TPL to be sold in connection with TPL's TRESOR PARIS Trademarks.

2. Each Defendant, within fourteen (14) days after receiving notice of this Order, shall serve upon TPL a written report under oath providing: (a) their true name and physical address, (b) all websites and online marketplace accounts on any platform that they own and/or operate (c) their financial accounts, including all PayPal accounts, and (d) the steps taken by each Defendant to comply with paragraph 1, a through h, above.

3. The domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet,

4

and the Public Interest Registry, within three (3) business days of receipt of this Order or prior to expiration of this Order, whichever date shall occur first, shall, at TPL's choosing:

    a. unlock and change the registrar of record for the Defendant Domain Names to a registrar of TPL's selection until further ordered by this Court, and the domain name registrars shall take any steps necessary to transfer the Defendant Domain Names to a registrar of TPL's selection until further ordered by this Court; or

    b. disable the Defendant Domain Names and make them inactive and untransferable until further ordered by this Court.

4. Those in privity with Defendants and with actual notice of this Order, including any online marketplaces such as iOffer and Alibaba Group Holding Ltd., Alipay.com Co., Ltd. and any related Alibaba entities (collectively, "Alibaba"), social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts for the Defendant Domain Names, and domain name registrars, shall within three (3) business days of receipt of this Order:

    a. disable and cease providing services for any accounts through which Defendants engage in the sale of counterfeit and infringing goods using the TRESOR PARIS Trademarks, including any accounts associated with the Defendants listed on Schedule A;

    b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of

5

        counterfeit and infringing goods using the TRESOR PARIS Trademarks; and

   c. take all steps necessary to prevent links to the Defendant Domain Names identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Domain Names from any search index.

5. Defendants and any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' websites at the Defendant Domain Names or other websites operated by Defendants, including, without limitation, any online marketplace platforms such as iOffer and Alibaba, advertisers, Facebook, Internet Service Providers ("ISP"), web hosts, back-end service providers, web designers, sponsored search engine or ad-word providers, banks, merchant account providers, including PayPal, Alibaba, Western Union, third party processors and other payment processing service providers, shippers, and domain name registrars (collectively, the "Third Party Providers") shall, within five (5) business days after receipt of such notice, provide to TPL expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

   a. The identities and locations of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information;

    b. the nature of Defendants' operations and all associated sales and financial information, including, without limitation, identifying information associated with the Online Marketplace Accounts, the Defendant Domain Names, and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Online Marketplace Accounts and Defendant Domain Names;

    c. Defendants' websites and/or any Online Marketplace Accounts;

    d. The Defendant Domain Names or any domain name registered by Defendants; and

    e. Any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Amazon Payments Inc., PayPal, Alibaba, Western Union, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

6. Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

7. Western Union shall, within two (2) business days of receipt of this Order, block any Western Union money transfers and funds from being received by the Defendants identified in Schedule A until further ordered by this Court.

8. PayPal, Inc. ("PayPal") and Amazon Payments, Inc. ("Amazon") shall, within two (2) business days of receipt of this Order, for any Defendant or any of Defendants' Online Marketplace Accounts or websites:

   a. Locate all accounts and funds connected to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any PayPal accounts connected to the information listed in Schedule A hereto and the email addresses identified in Exhibit 2 to the Declaration of Maurice Lousky; and

   b. Restrain and enjoin any such accounts or funds that are China or Hong Kong based from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

9. Any banks, savings and loan associations, payment processors, or other financial institutions, for any Defendant or any of Defendants' Online Marketplace Accounts or websites, shall within two (2) business days of receipt of this Order:

   a. Locate all accounts and funds connected to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any accounts connected to the information listed in Schedule A hereto and the email addresses identified in Exhibit 2 to the Declaration of Maurice Lousky; and

    b. Restrain and enjoin such accounts from receiving, transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

10.     TPL may provide notice of these proceedings to Defendants, including notice of the preliminary injunction hearing and service of process pursuant to Fed.R.Civ.P. 4(f)(3), by electronically publishing a link to the Complaint, this Order and other relevant documents on a website to which the Defendant Domain Names which are transferred to TPL's control will redirect, or by sending an e-mail to the e-mail addresses identified in Exhibit 2 to the Declaration of Maurice Lousky and any e-mail addresses provided for Defendants by third parties that includes a link to said website. The Clerk of Court is directed to issue a single original summons in the name of "DIY Trade Company" and all other Defendants identified in Complaint Schedule A that shall apply to all Defendants. The combination of providing notice via electronic publication or e-mail, along with any notice that Defendants receive from domain name registrars and payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

11.     Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two days' notice to TPL or on shorter notice as set by this Court.

12. The $10,000 bond posted by TPL shall remain with the Court until a Final disposition of this case or until this Preliminary Injunction is terminated.

Dated: 11/1/2017

_____

U.S. District Court Judge

## SCHEDULE A

## DEFENDANTS

| No. | Vendor Name |
|---|---|
| 1 | DIY Trade Company |
| 2 | Dooda Jewelry Co., Ltd. |
| 3 | eeeebbbbeeeessss |
| 4 | faza bahakim |
| 5 | fishdance2008fishdance |
| 6 | Guangzhou Arui Trading Co., Ltd. |
| 7 | Guangzhou IO Jewelry Co., Ltd. |
| 8 | Haifeng County back door Kach jewelry factory |
| 9 | Humen, Dongguan City, the United States and Levin jewelry factory / Dongguan Fulemay jewelry&Crafts Co.,Limited |
| 10 | LOVE GREEN LIVE GREEN--Crystalized Jewelry |
| 11 | Shenzhen Jia Mao Tong Technology Co., Ltd |
| 12 | Shenzhen Lekoni Jewelry Co., Ltd. |
| 13 | Tang Yu Shan |
| 14 | Topbeads Jewelry Wholesales |
| 15 | vicky1551 |
| 16 | Yiwu Baiding Trade Co., Ltd. |
| 17 | Yiwu Junli e - commerce firm |
| 18 | Yiwu Maida Crafts Co., Ltd. |
| 19 | Yiwu Ninghui Arts Co., Ltd. |
| 20 | Yiwu Paiqiang Jewelry Co., Ltd. |
| 21 | Yiwu Tip Top Accessories Co., Ltd. |