IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRESOR PARIS LIMITED,<br><br>　　　　Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>　　　　Defendants. | Case No.: 1:17-cv-7398<br><br>Judge Thomas M. Durkin<br><br>Magistrate Judge Young B. Kim |

## FINAL JUDGMENT ORDER

This action having been commenced by TRESOR PARIS LIMITED ("TPL") against the defendants identified in the attached First Amended Schedule A and using the Defendant Domain Names and Online Marketplace Accounts (collectively, the "Defendant Internet Stores"), and TPL having moved for entry of Default and Default Judgment against the defendants identified in the First Amended Schedule A attached hereto (collectively, the "Defaulting Defendants");

This Court having entered upon a showing by TPL, a temporary restraining order and preliminary injunction against Defaulting Defendants which included a domain name transfer order and asset restraining order;

TPL having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication or e-mail, along with any notice that Defaulting Defendants received from domain name registrars and payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the

pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered the Complaint or appeared in any way, and the time for answering the Complaint having expired;

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defaulting Defendants since Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defaulting Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Defendant Internet Stores through which Illinois residents can purchase products bearing counterfeit versions of TPL's trademark which is protected by U.S. Trademark Registration Nos. 4,083,183; 4,570,707, 4,962,217 and 5,225,617 (the "TRESOR PARIS TRADEMARKS").

THIS COURT FURTHER FINDS that Defaulting Defendants are liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), and violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510, et seq.).

IT IS HEREBY ORDERED that TPL's Motion for Entry of Default and Default Judgment is GRANTED in its entirety, that Defaulting Defendants are deemed in default and that this Final Judgment is entered against Defaulting Defendants.

IT IS FURTHER ORDERED that:

1. Defaulting Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

a. using the TRESOR PARIS Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine TPL Product or not authorized by TPL to be sold in connection with the TRESOR PARIS Trademarks;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine TPL Product or any other product produced by TPL, that is not TPL' or not produced under the authorization, control or supervision of TPL and approved by TPL for sale under the TRESOR PARIS Trademarks;

c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control or supervision of TPL, or are sponsored by, approved by, or otherwise connected with TPL;

d. further infringing the TRESOR PARIS Trademarks and damaging TPL's goodwill;

e. otherwise competing unfairly with TPL in any manner;

f. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for TPL, nor authorized by TPL to be sold or offered for sale, and which bear any of the TRESOR PARIS Trademarks or any reproductions, counterfeit copies or colorable imitations thereof;

g. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, the Defendant Domain Names, or any other domain name or online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell Counterfeit/Infringing Products; and

   h. operating and/or hosting websites at the Defendant Domain Names and any other domain names registered or operated by Defaulting Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the TRESOR PARIS Trademarks or any reproductions, counterfeit copies or colorable imitations thereof that is not a genuine TPL Product or not authorized by TPL to be sold in connection with the TRESOR PARIS Trademarks.

2. The domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, within three (3) business days of receipt of this Order, shall, at TPL's choosing:

   a. permanently transfer the Defendant Domain Names to TPL's control, including unlocking and changing the registrar of record for the Defendant Domain Names to a registrar of TPL's selection, and the domain name registrars shall take any steps necessary to transfer the Defendant Domain Names to a registrar of TPL' selection; or

   b. cancel the registrations for the Defendant Domain Names and make them inactive.

3. Those in privity with Defaulting Defendants and with actual notice of this Order, including any online marketplaces such as iOffer and Alibaba Group Holding Ltd., Alipay.com Co., Ltd. and any related Alibaba entities (collectively, "Alibaba"), social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts for the Defendant Domain Names, and domain name registrars, shall within three (3) business days of receipt of this Order:

   a. disable and cease providing services for any accounts through which Defaulting Defendants engage in the sale of counterfeit and infringing goods using the TRESOR

        PARIS Trademarks, including any accounts associated with the Defaulting Defendants listed on the First Amended Schedule A attached hereto;

   b. disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of counterfeit and infringing goods using the TRESOR PARIS Trademarks; and

   c. take all steps necessary to prevent links to the Defendant Domain Names identified on the First Amended Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Domain Names from any search index.

4. Pursuant to 15 U.S.C. § 1117(c)(2), TPL is awarded statutory damages from each of the Defaulting Defendants in the amount of two million dollars ($2,000,000) for willful use of counterfeit TRESOR PARIS Trademarks on products sold through at least the Defendant Internet Stores.

5. Western Union shall, within two (2) business days of receipt of this Order, permanently block any Western Union money transfers and funds from being received by the Defaulting Defendants identified on the First Amended Schedule A.

6. PayPal, Inc. ("PayPal") shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any China or Hong Kong based accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in the First Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

7. All monies currently restrained in Defaulting Defendants' financial accounts, including monies held by PayPal, are hereby released to TPL as partial payment of the above-identified damages, and PayPal is ordered to release to TPL the amounts from Defaulting Defendants' PayPal accounts within ten (10) business days of receipt of this Order.

8. Until TPL has recovered full payment of monies owed to it by any Defaulting Defendant, TPL shall have the ongoing authority to serve this Order on PayPal in the event that any new PayPal accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, PayPal shall within two (2) business days:

   a. Locate all accounts and funds connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites, including, but not limited to, any PayPal accounts;

   b. Restrain and enjoin such accounts or funds that are China or Hong Kong based from transferring or disposing of any money or other of Defaulting Defendants' assets; and

   c. Release all monies restrained in Defaulting Defendants' PayPal accounts to TPL as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

9. Until TPL has recovered full payment of monies owed to it by any Defaulting Defendant, TPL shall have the ongoing authority to serve this Order on any banks, savings and loan associations, or other financial institutions (collectively, the "Financial Service Providers") in the event that any new financial accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, the Financial Service Providers shall within two (2) business days:

   a. Locate all accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites;

   b. Restrain and enjoin such accounts from receiving, transferring or disposing of any money or other of Defaulting Defendants' assets; and

    c. Release all monies restrained in Defaulting Defendants' financial accounts to TPL as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

10. Amazon Payments, Inc. ("Amazon") shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in the First Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

11. All monies currently restrained in Defaulting Defendants' financial accounts, including monies held by Amazon, are hereby released to TPL as partial payment of the above-identified damages, and Amazon is ordered to release to TPL the amounts from Defaulting Defendants' Amazon accounts within ten (10) business days of receipt of this Order.

12. Until TPL has recovered full payment of monies owed to it by any Defaulting Defendant, TPL shall have the ongoing authority to serve this Order on Amazon in the event that any new Amazon accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, Amazon shall within two (2) business days:

    a. Locate all accounts and funds connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites, including, but not limited to, any Amazon accounts;

    b. Restrain and enjoin such accounts or funds from transferring or disposing of any money or other of Defaulting Defendants' assets; and

    c. Release all monies restrained in Defaulting Defendants' Amazon accounts to TPL as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

13. In the event that TPL identifies any additional online marketplace accounts, domain names or financial accounts owned by Defaulting Defendants, TPL may send notice of any supplemental proceeding to Defaulting Defendants by e-mail at the email addresses identified in Exhibit 2 to the Declaration of Maurice Lousky and any e-mail addresses provided for Defaulting Defendants by third parties.

14. The ten thousand-dollar ($10,000) cash bond posted by TPL, including any interest minus the registry fee, is hereby released to TPL or its counsel, Keith A. Vogt. The Clerk of the Court is directed to return the cash bond previously deposited with the Clerk of the Court to TPL or its counsel by check made out to the Keith A. Vogt IOLTA account.

This is a Final Judgment.

Dated:   12/12  , 2017

_____
United States District Court Judge

## FIRST AMENDED SCHEDULE A

### DEFENDANTS

| No. | Vendor Name |
|---|---|
| 3 | eeeebbbbeeeessss |
| 4 | faza bahakim |
| 9 | Humen, Dongguan City, the United States and Levin jewelry factory / Dongguan Fulemay jewelry&Crafts Co.,Limited |
| 12 | Shenzhen Lekoni Jewelry Co., Ltd. |
| 20 | Yiwu Paiqiang Jewelry Co., Ltd. |
| 21 | Yiwu Tip Top Accessories Co., Ltd. |